IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02863-CMA-BNB

PHILIP A. PRICE,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.

_____

# ORDER
_____

This matter arises on the plaintiff's **Motion for Leave to Amend Plaintiff's Complaint** [Doc. #18, filed 02/07/2011] (the "Motion"). The Motion is DENIED WITHOUT PREJUDICE.

The plaintiff seeks to amend his Complaint to clarify his current claims and add state law claims. Rule 15, Fed. R. Civ. P., provides that a complaint may be amended once as a matter of course within 21 days after serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id. at 15(a)(2).

The plaintiff served his Complaint on the defendant on November 24, 2010 [Doc. #8]. The defendant served a motion under Rule 12(b) on January 6, 2011 [Doc. #14]. The plaintiff did not seek leave to amend his Complaint until February 7, 2011--more than 21 days after the defendant served its 12(b) motion. Therefore, the plaintiff must either obtain consent from the

defendant or file a motion seeking leave of court to amend his Complaint.

The plaintiff does not attach a proposed amended complaint to the Motion. When filing a motion seeking leave to amend, the plaintiff must attach the entire proposed amended complaint. The plaintiff may not incorporate by reference his original Complaint into the proposed amended complaint. The amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims. <u>Mink v. Suthers</u>, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

In addition, the plaintiff's current Complaint is prolix and tedious. Rule 8, Fed. R. Civ. P., requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." <u>Blazer v. Black</u>, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." <u>TV Communications Network, Inc. v. ESPN, Inc.</u>, 767 F. Supp. 1062, 1069 (D. Colo. 1991), <u>aff'd</u>, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

If the plaintiff submits a proposed amended complaint, it shall be submitted on the court's form. D.C.COLO.LCivR 8.1A. ("A pro se party shall use the forms established by this court to file an action"). The background statement shall briefly summarize the plaintiff's case

and shall not exceed one double-spaced typewritten page.  Each claim shall be stated separately. Each claim shall state which defendant(s) the claim is brought against and shall briefly allege facts sufficient to state a claim for relief.  Each claim shall not exceed two typewritten pages, double-spaced.  Accordingly,

    IT IS ORDERED that the Motion is DENIED WITHOUT PREJUDICE, subject to compliance with this Order.

    Dated February 16, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge